UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HAYLEY G.,[1] | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 3:20-cv-93 |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
|         Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Hayley G., on January 29, 2020. For the following reasons, the decision of the Commissioner is **REMANDED.**

*Background*

The plaintiff, Hayley G., filed an application for Supplemental Security Income on September 22, 2016, alleging a disability onset date of August 7, 2015. (Tr. 15). The claim was denied initially on November 29, 2016, and upon reconsideration on July 20, 2017. (Tr. 15). On September 15, 2017, Hayley G. filed a written request for a hearing pursuant to 20 CFR § 416.1429. (Tr. 15). The video hearing was held on October 30, 2018, before Administrative Law Judge (ALJ) Leeanne Foster. (Tr. 15). Vocational Expert (VE) Euchay N. Horsman appeared at the hearing. (Tr. 15). The ALJ issued an unfavorable decision on January 23, 2019. (Tr. 15-23). Hayley G. then filed this petition for judicial review on January 29, 2020.

At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Hayley G. had not engaged in substantial gainful activity since September 22, 2016, the application date. (Tr. 17).

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

At step two, the ALJ determined that Hayley G. had the following severe impairments: morbid obesity; degenerative disc disease; scoliosis; right distal peroneal vein thrombosis; and persistent lymphocytic leukocytosis with ITP. (Tr. 17).  The ALJ found that Hayley G.'s severe impairments significantly limited her ability to perform basic work activities.  (Tr. 17). Furthermore, the ALJ found that Hayley G. had a history of a gunshot wound that was non-severe. (Tr. 17). The ALJ noted that the gunshot wound was sustained in 1994 which required surgical treatment and hospitalization but that there was no corroborating evidence of any residual limitations. (Tr. 17).  Lastly, the ALJ found that although Hayley G. reported difficulty digesting food in addition to nausea and vomiting, there was no treatment for that. (Tr. 17).

At step three, the ALJ concluded that Hayley G. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (Tr. 18).  The ALJ gave particular attention to Listing 1.04, *Disorders of the Spine*. (Tr. 18).  The ALJ did not consider whether Hayley G. had any mental impairments.

After consideration of the entire record, the ALJ then assessed Hayley G.'s residual functional capacity (RFC) as follows:

> [T]he claimant has the residual functional capacity to perform to perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. The claimant should never climb ladders, ropes, and scaffolds.

(Tr. 18).  The ALJ explained that in considering Hayley G.'s symptoms she followed a two-step process.  (Tr. 18).  First, she determined whether there was an underlying physical or mental impairment that was shown by a medically acceptable clinical or laboratory diagnostic technique that reasonably could be expected to produce Hayley G.'s pain or other symptoms.  (Tr. 18).  Then she evaluated the intensity, persistence, and limiting effects of the symptoms to determine

2

the extent to which they limited Hayley G.'s functioning. (Tr. 18).

After considering the evidence, the ALJ found that Hayley G.'s medically determinable impairments reasonably could be expected to cause some of the alleged symptoms. (Tr. 19). However, the ALJ concluded that Hayley G.'s statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 19).

At step four, the ALJ determined that Hayley G. had no past relevant work. (Tr. 22). Considering Hayley G.'s age, education, work experience, and RFC, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that she could perform, including assembler of small products (230,000 jobs nationally), ticket seller (3,000,000 jobs nationally), and routing clerk (600,000 jobs nationally). (Tr. 22-23). The ALJ found that Hayley G. had not been under a disability, as defined in the Social Security Act, from September 22, 2016, the date the application was filed, through the date of the ALJ's decision, January 23, 2019. (Tr. 23).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive"); ***Moore v. Colvin***, 743 F.3d 1118, 1120–21 (7th Cir. 2014); ***Bates v. Colvin***, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence"). Courts have defined substantial evidence as such relevant "evidence as a reasonable mind might accept to support such a conclusion." ***Zoch v. Saul***, 2020 WL 6883424, at *3 (7th Cir. Nov. 24, 2020); ***Biestek v.***

3

*Berryhill*, 139 S. Ct. 1148, 1154 (2019); *Bates*, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported her findings with substantial evidence and if there have been no errors of law. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act. The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A)**. The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. **20 C.F.R. § 404.1520**. The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity." **20 C.F.R. § 404.1520(b)**. If she is, the claimant is not disabled and the evaluation process is over. If she is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." **20 C.F.R. § 404.1520(c)**; *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. **20 C.F.R. § 401, pt. 404, subpt. P, app. 1**. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of her past work. If, at this fourth step, the claimant can perform her past

relevant work, she will be found not disabled. **20 C.F.R. § 404.1520(e)**. However, if the claimant shows that her impairment is so severe that he is unable to engage in her past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of her age, education, job experience, and functional capacity to work, is capable of performing other work and that such work exists in the national economy. **42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520(f);** *see* **Biestek v. Berryhill,** 139 S. Ct. 1148 (2019) (upon the request of a disability benefits applicant, a vocational expert's refusal to provide the private market-survey data underlying her opinion regarding job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Hayley G. has requested that the court remand this matter for additional proceedings, or in the alternative, reverse the ALJ's decision and award benefits. In her appeal, Hayley G. broadly argues that the ALJ's decision was based on cherry-picked evidence and that she failed to provide an accurate and logical bridge. More specifically, Hayley G. argues that: (1) the State Agency opinions, upon which the ALJ relied, were outdated and incomplete; (2) the ALJ erred at step three by failing to consider relevant listings, medical equivalence, and plaintiff's conditions in combination; (3) the ALJ failed to include a Function-By-Function analysis; (4) the RFC did not accommodate all of the Hayley G.'s limitations; (5) the ALJ erred in rejecting numerous medical opinions; (6) the ALJ erred by rejecting Hayley G.'s and a third party's statements; and (7) the ALJ failed to show that there was other work that Hayley G. could perform at Step Five.

First, turning to Hayley G.'s argument concerning the ALJ's alleged failure in rejecting numerous medical opinions, she claims that the RFC was not supported by substantial evidence due in part to the fact that the ALJ did not comply with the treating physician rule when she rejected the opinion of Dr. Henedina Macabalitaw.  In determining a claimant's RFC, the ALJ evaluates "the claimant's ability to do physical and mental work activities on a regular and

continuing basis despite limitations from her impairments" *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014); *see* **20 C.F.R. § 404.1545(a)(1)** ("Your residual functional capacity is the most you can still do despite your limitations"); **SSR 96-8p**, at *2 ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities"). The RFC is based upon medical evidence—including statements from medical sources about what the claimant still can do—as well as "other evidence, such as testimony by the claimant or his friends and family." *Craft v. Astrue,* 539 F.3d 668, 676 (7th Cir. 2008); **20 C.F.R. § 404.1545(a)(3).**

SSR 96-8p explains how an ALJ should assess a claimant's RFC at steps four and five of the sequential evaluation. In the section titled, "Narrative Discussion Requirements," **SSR 96-8p** specifically spells out what is needed in the ALJ's RFC analysis. This section of the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

**SSR 96-8p** (footnote omitted). Thus, as explained in this section of the Ruling, there is a difference between what the ALJ must contemplate and what she must articulate in her written decision. "The ALJ is not required to address every piece of evidence or testimony presented, but [she] must provide a 'logical bridge' between the evidence and his conclusions." *Getch v.*

*Astrue*, 539 F.3d 473, 480 (7th Cir. 2008) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); *see Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014).  Although the ALJ does not need to discuss every piece of evidence, she cannot ignore evidence that undermines her ultimate conclusions.  *Moore*, 743 F.3d at 1123 ("The ALJ must confront the evidence that does not support his conclusion and explain why that evidence was rejected") (citing *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009); *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012)).  "A decision that lacks adequate discussion of the issues will be remanded."  *Moore*, 743 F.3d at 1121.

An ALJ must "consider the limitations imposed by all impairments, severe and non-severe."  **Ray v. Berryhill**, 915 F.3d 486, 492 (7th Cir. 2019); **20 C.F.R. §416.923**.  The duty to analyze non-severe impairments in formulating a claimant's RFC to be used at steps four and five is fundamental to the disability programs under the Social Security Act. *See* **Bowen v. Yucker**, 482 U.S. 137, 150-51, 107 S. Ct. 2287, 96 L.Ed. 2d 119 (1987) (emphasizing the duty of the Commissioner, when there is at least one severe impairment, to "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity" (quoting **42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(F)** (1982 ed. And Supp. III)).  "Although the non-severe impairments may not have an effect on the claimant's RFC ultimately, the ALJ [is] required to explain why." **Denton v. Astrue**, 596 F.3d 419, 423 (7th Cir. 2010).

Dr. Macabalitaw was Hayley G.'s primary care physician beginning in 2009. (Tr. 357). Dr. Macabalitaw opined that because of Hayley G. suffered from degenerative disc disease, she "[wa]s unable to participate in gainful employment." (Tr. 562).  The ALJ gave "little" weight to Dr. Macabalitaw's opinion because her opinion was inconsistent with her examination findings and, regardless, "disability status [wa]s an issue reserved to the Commissioner." (Tr. 21).

An ALJ "may not selectively consider medical reports" and must "consider 'all relevant evidence.'" *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009). While an ALJ may adopt medical opinions concerning a claimant's ability to perform work-related activities, the RFC assessment is an issue reserved for the ALJ. **20 C.F.R. §§ 404.1545(e), 416.945(e);** *SSR 96-5p*, 1996 WL 374183, at *2 (July 2, 1996) ("[A] medical source['s] statement must not be equated with the administrative finding known as the RFC assessment"). An ALJ "is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians." *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007). Rather, "the determination of a claimant's RFC is a matter for the ALJ alone – not a treating or examining doctor – to decide." *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) (citing **20 C.F.R. § 404.1520(d)**).

The law distinguishes between treating physicians and non-treating physicians in social security benefit cases. The opinion of a treating physician concerning a patient's condition is "give[n] more weight …, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)." *Misener v. Astrue*, 926 F.Supp.2d 1016, (N.D. Ind. 2013) (internal citations omitted); *see also Walker v. Berryhill*, 900 F.3d 479, 485 (7th Cir. 2018); *Boiles v. Barnhart*, 395 F.3d 421, 426 (7th Cir. 2005). However, a treating physician's opinion should be given controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." **20 C.F.R. § 416.927(c)(2);** *see also Pavlicek v. Saul*, __ F.3d __ (7th Cir. 2021) (finding that "an ALJ may decline to give a treating physician's opinion controlling weight when the opinion is inconsistent with the physician's treatment notes"). In determining the weight given to a treating source's opinion, the ALJ should consider the length of the treatment relationship and the frequency of examination, the nature and extent

8

of the treatment relationship, the supportability of the opinion, the opinion's consistency with the record as a whole, the physician's specialties, and any other relevant factors. **20 C.F.R. § 404.1527(c)(1)-(6)**. In doing so, "an ALJ must articulate, at least minimally, his analysis of the evidence so that [the] court can follow his reasoning." ***Skarbek v. Barnhart***, 390 F.3d 500, 503 (7th Cir. 2004) (citing ***Clifford v. Apfel***, 227 F.3d 863, 870 (7th Cir. 2000).

Hayley G. argues that Dr. Macabailtaw's opinion was entirely consistent with findings from "numerous examinations she performed and the results of clinical tests." Hayley G. points to various medical records to support her argument. On May 26, 2014, Dr. Macabailtaw found that Hayley G.'s range of motion was "moderately reduced," she was "unstable with tandem walk," and she experienced lumbar spine muscle spasms. (Tr. 339). The September 12, 2017 exam revealed generalized deconditioning in Hayley G.'s musculoskeletal system. (Tr. 471). On March 20, 2018, Dr. Macabailtaw assessed and found the following: lumbar spine spasms, degenerative disc disease of the lumbar and thoracic spine, and scoliosis. (Tr. 537). The Commissioner restated the ALJ's reasonings for given little weight to Dr. Macabailtaw's opinion, stating that it was an issue reserved for the ALJ and that her opinion was inconsistent with her findings. The Commissioner only added that Hayley G. took nothing stronger than aspirin to control her arthritis pain as a reason to find that the ALJ did not err in rejecting Dr. Macabailtaw's opinion.

Hayley G. also argues that the ALJ was required, but failed, to apply the regulatory factors (**20 C.F.R. § 404.1527(c)(1)-(6)**) and explain why she did not credit Dr. Macabalitaw's opinion or how it was outweighed by other evidence. The Commissioner did not respond to this argument.

The ALJ was correct in stating, and the Commissioner in reiterating, that the decision of disability status is one reserved for the ALJ. However, that does not give an ALJ free rein to

completely discount a medical opinion in evidence, especially a treating physician's, without at least minimally articulating her reasons for doing so. ***Skarbek v. Barnhart***, 390 F.3d at 503. In fact, just this month, the Seventh Circuit raised the bar by ruling that when "controlling weight" is not given to a treating physician's opinion, the ALJ is expected to provide "'good reasons' for affording it less weight." ***Pavilick***, __ F.3d at __.  The ALJ's only other reason for giving little weight to Dr. Macabalitaw's opinion was that her opinion was inconsistent with her examination findings. The ALJ did not even minimally explain how it was inconsistent nor did she, or the Commissioner, confront the medical findings of Dr. Macabalitaw discussed above.  In addition to failing to provide any "good reasoning," the ALJ made no mention of the regulatory factors that she was required to analyze when she gave little weight to the opinion of Dr. Macabalitaw, a treating physician.  Therefore, the ALJ erred by discounting Dr. Macabalitaw's opinion.

Hayley G. makes several other arguments regarding her subjective symptoms and the RFC.  However, because the ALJ erred in rejecting Dr. Macabalitaw's opinion without providing good reason, the court need not address the additional arguments at this time.  The ALJ will have the opportunity to revisit these other issues on remand.

Based on the foregoing reasons, the decision of the Commissioner is **REMANDED.**

ENTERED this 16th day of April, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge